Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 4/19/2023



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:14-bk-01974 |
| ELLIS RADER, ) | Chapter 13 |
| ) | Judge Mashburn |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ELLIS RADER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Proc. No. 3:21-ap-90125 |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION RESOLVING ISSUE
## OVER APPLICABILITY OF EQUITABLE TOLLING
## TO 11 U.S.C. § 523(a)(1)(B)(ii)

Plaintiff and Debtor, Ellis Rader, has accused the Defendant, the Internal Revenue Service, of violating the discharge injunction at 11 U.S.C. § 524(a)(2) by attempting to collect taxes that Debtor claims were discharged in his Chapter 13 bankruptcy case. The IRS argued in response that most of the taxes involved in its post-discharge collection activity were nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii), because they relate to tax returns filed late and within the two years preceding Debtor's bankruptcy. The IRS contends that since the taxes could not be discharged, collection efforts relating to those taxes cannot serve as a basis of a discharge violation.

Which party succeeds in this case depends in large part on whether this Court determines that equitable tolling applies to the two-year lookback period in § 523(a)(1)(B)(ii) such that the period was tolled while Debtor was in an earlier bankruptcy proceeding. In short, did the clock stop running on the two-year period during the time Debtor was in the earlier unsuccessful Chapter 13 case, or did it continue to run so that the two-year period had lapsed by the time of the current bankruptcy case. This single issue was set for stage one of a two-stage trial. Based on stipulated facts, and after hearing extensive argument, the Court finds that equitable tolling applies. This finding will not resolve all issues but will narrow the scope of what remains to be litigated, which is the subject of a second stage of the trial to be heard later.

## FACTS

The facts relative to this stage of trial are minimal and undisputed.

Debtor filed a Chapter 13 bankruptcy petition on March 11, 2014, commencing the above-captioned bankruptcy case. He successfully completed that case and received a discharge on November 12, 2019. Earlier, Debtor had been in an unsuccessful Chapter 13 bankruptcy case that was filed on May 11, 2011, and dismissed on November 7, 2013, without a discharge. Although ultimately unsuccessful, the earlier bankruptcy resulted in the automatic stay being in place for two and a half years.

After Debtor's discharge on November 12, 2019, the IRS sent two sets of notices to Debtor relating to taxes for tax years 2002 – 2010.[1] When Debtor filed the returns relating to each of those tax years is relevant to the determination of whether the related taxes would be rendered nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii).

---

[1] Whether the notices would violate the discharge order absent the IRS's defense of 11 U.S.C. § 523(a)(1)(B)(ii) is not at issue in this stage of the trial. The notices also included taxes related to tax year 2011, but those likewise are not at issue for this defense.

Section 523(a)(1)(B)(ii) applies to tax returns that are filed late and "after two years before the date of the filing of the petition." If that two-year lookback period is calculated without tolling, the IRS could look back no earlier than March 11, 2012, right in the middle of the first bankruptcy proceeding. If equitable tolling applies during Debtor's prior bankruptcy case, the two-year lookback period would go back as far as September 2009 and render nondischargeable any taxes tied to late returns filed as far back as then.

The parties stipulate that all the returns were filed late. They further stipulate that Debtor's returns for tax years 2002 – 2009 were filed on March 15, 2011, and the return for tax year 2010 was filed no earlier than April 2, 2012. In other words, the bulk of the late returns were filed shortly before the earlier bankruptcy case, and the two-year lookback period for those taxes fully lapsed during that prior bankruptcy – if the period was not tolled due to the intervention of the earlier bankruptcy, the imposition of the automatic stay, and the limitations on the IRS's collection ability during that first bankruptcy.

Therefore, if the Court holds that equitable tolling does not apply, only the 2010 return will have been filed within the two-year lookback period. And thus, only the taxes related to that one return would be nondischargeable pursuant to § 523(a)(1)(B)(ii). It the Court holds that equitable tolling applies, all the returns will have been filed within the two-year lookback period, and the taxes related to all the returns would be nondischargeable pursuant to § 523(a)(1)(B)(ii). The difference may affect hundreds of thousands of dollars of tax debt – with the exact amount dependent on the outcome of some other disputes over tax calculations, application of prior payments, and other similar matters.

## DISCUSSION

The Bankruptcy Code is designed to allow a fresh start to an honest but unfortunate debtor. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007). Upon successful completion of a Chapter 13 plan and meeting other qualifications, a debtor is entitled to a "discharge of all debts provided

for by the plan or disallowed under section 502 of [title 11], except any debt— (2) of the kind specified … in paragraph (1)(B) … of section 523(a)." 11 U.S.C. § 1328(a)(2). A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A creditor who violates the discharge injunction may be held in contempt. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421–23 (6th Cir. 2000); *Beal Bank, SSB v. Prince* (*In re Prince*), No. 197-11992, 2009 WL 2584769, at *3 n1 (Bankr. M.D. Tenn. Aug. 20, 2009).

Because the discharge only applies to discharged debt, it follows that there can be no violation of the discharge for attempting to collect unpaid nondischargeable debt.[2] The IRS claims the majority of the tax debt included in the post-discharge notices is nondischargeable for a couple of reasons, but the first stage of trial was limited in scope, and this opinion only addresses one, § 523(a)(1)(B)(ii).

11 U.S.C. § 523(a)(1)(B)(ii) provides that

> [a] discharge … does not discharge an individual debtor from any debt … (1) for a tax or a customs duty … (B) with respect to which a return, or equivalent report or notice, if required … (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition[.]

*Id.* It is undisputed that the tax returns at issue here were filed after the date they were last due. The question for this Court to decide is whether they were filed "after two years before the date of the filing of the petition," and for all but one of the returns, that depends on the application of equitable tolling.

There is a "rebuttable presumption" that equitable tolling applies to nonjurisdictional federal statutes of limitations. *Holland v. Florida*, 560 U.S. 631, 645–46, 130 S. Ct. 2549, 2560 (2010) (citation omitted). "It is hornbook law that

---

[2] Whether the IRS violated the discharge injunction pursuant to 11 U.S.C. § 524(i) by not properly applying plan payments, along with some other matters, will be dealt with in the next stage of trial.

limitations periods are 'customarily subject to 'equitable tolling,' ' unless tolling would be 'inconsistent with the text of the relevant statute.'" *Young v. United States*, 535 U.S. 43, 49, 122 S. Ct. 1036, 1040 (2002) (citations omitted).

It is not immediately obvious that the two-year lookback period in § 523(a)(1)(B)(ii) is a limitations period. However, in *Young*, the Supreme Court explained that a similar tax-related three-year lookback period in 11 U.S.C. § 507(a)(8)(A)(i), as incorporated by § 523(a)(1)(A), was a "limitations period because it prescribes a period within which certain rights (namely, priority and nondischargeability in bankruptcy) may be enforced."[3] *Id.* at 47.

The Supreme Court noted in *Young* that the IRS risked older taxes becoming dischargeable if not collected or if a tax lien is not perfected before the three years under that subsection have elapsed, so the IRS was encouraged to act quickly. *Id.* "Thus, … the lookback period serves the same 'basic policies [furthered by] all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'" *Id.* at 47 (quoting *Rotella v. Wood*, 528 U.S. 549, 555, 120 S.Ct. 1075 (2000)). The Supreme Court acknowledged that the lookback period was limited in nature since it only barred some, but not all, legal remedies (namely priority and nondischargebilty in bankruptcy), but it held it was, nonetheless, a statute of limitations. *Id.* at 47-48. So that point regarding the nature of the lookback period as a limitations period is settled by the *Young* decision.

In *Young*, the Supreme Court ultimately held that equitable tolling applies to the three-year lookback period in 11 U.S.C. § 507(a)(8)(A)(i), as incorporated by § 523(a)(1)(A). *Id.* at 47. In that case, the debtors had filed a Chapter 13 bankruptcy case, and when it became apparent that case would imminently be dismissed, they

---

[3] Section 507(a)(8)(A)(i) makes taxes "measured by income or gross receipts--… for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition" a priority claim and § 523(a)(1)(A) makes them nondischargeable.

filed a Chapter 7 petition. *Id.* at 45. They received a discharge in their Chapter 7 case. *Id.*

The *Young* Court recognized a loophole in the Bankruptcy Code if equitable tolling were not applied: "a debtor can render a tax debt dischargeable by first filing a Chapter 13 petition, then voluntarily dismissing the petition when the lookback period for the debt has lapsed, and finally refiling under Chapter 7." *Id.* at 46. The automatic stay would prevent the IRS from collecting the unpaid taxes during the pendency of the first bankruptcy. *Id.* In holding that equitable tolling should apply, the Court noted that equitable tolling customarily applies to limitations periods, the Bankruptcy Code did not preclude equitable tolling, and bankruptcy was especially suited for "appl[ying] the principles and rules of equity jurisprudence." *Id.* at 47-49 (quoting *Pepper v. Litton*, 308 U.S. 295, 304, 60 S. Ct. 238 (1939)).

Since then, at least two bankruptcy courts have applied the Supreme Court's tolling rationale in *Young* to the substantially similar, tax-related, two-year lookback period in § 523(a)(1)(B)(ii) governing late returns.[4] *See Putnam v. IRS* (*In re Putnam*), 503 B.R. 656 (Bankr. E.D.N.C. 2014), *aff'd sub nom. Putnam v. I.R.S.*, No. 5:14-CV-118-D, 2014 WL 8863125 (E.D.N.C. Sept. 24, 2014); *Ollie-Barnes v. IRS* (*In re Ollie-Barnes*), No. 09-82198, 2014 WL 5794866 (Bankr. M.D.N.C. Nov. 6, 2014).

Like the three-year lookback period discussed in *Young*, the two-year lookback period in § 523(a)(1)(B)(ii) also prescribes a period in which nondischageability rights may be enforced and encourages the IRS to protect its rights by collecting taxes or perfecting liens prior to the expiration of the two-year lookback period. *In re Putnam*,

---

[4] These are not the only courts to have held that the two-year lookback period in § 523(a)(1)(B)(ii) is tolled during prior bankruptcy proceedings, but they appear to be the only two to consider the issue after the Supreme Court held in *Young* that equitable tolling applied to a substantially similar section of the Bankruptcy Code and after the amendments to the Code in BAPCPA. For pre-*Young* cases holding that equitable tolling applies to § 523(a)(1)(B)(ii), *see Simmons v. United States* (*In re Simmons*), 227 B.R. 338, 339-341 (Bankr. N.D. Ga. 1998); *Hollowell v. IRS* (*In re Hollowell*), 222 B.R. 790, 792–94 (Bankr. N.D. Miss. 1998); *Tibaldo v. United States* (*In re Tibaldo*), 187 B.R. 673, 675 (Bankr. C.D. Cal. 1995); *Jones v. United States* (*In re Jones*), 177 B.R. 541, 543–44 (Bankr. N.D. Ohio 1994); *Teeslink v. United States* (*In re Teeslink*), 165 B.R. 708, 710–13 (Bankr. S.D. Ga. 1994); *Stoll v. IRS* (*In re Stoll*), 132 B.R. 782, 786 (Bankr. N.D. Ga. 1990).

503 B.R. at 659. If the IRS is not allowed the full two years to collect by virtue of the Debtor filing a late return within the two-year lookback period, the debt is declared nondischargeable pursuant to § 523(a)(1)(B)(ii).

Debtor argues that Congress indicated in its 2005 BAPCPA[5] amendments that equitable tolling should only apply to § 507(a)(8), which Congress amended after *Young* to expressly state that three-year lookback period "shall be suspended for any … time during which the stay of proceedings was in effect in a prior case under this title …, plus 90 days." 11 U.S.C. § 507(a)(8)(G). Because Congress did not also amend § 523(a)(1)(B)(ii) to add tolling language, Debtor argues that Congress meant to exclude it from that section.[6] The *Putnam* court rejected that same argument, and the Court agrees with its rationale. *In re Putnam*, 503 B.R. at 665-66.

> If anything, the codification of the decision in *Young* shows that Congress approves of the tolling of the such time periods to enable the IRS to collect on its debts. Therefore, the presence of the express tolling language of the three-year rule in § 507(a)(8)(G) "supplements rather than displaces principles of equitable tolling." *Young*, 535 U.S. at 54, 122 S. Ct. 1036.

*Id.* at 665; *see also Holland v. Florida*, 560 U.S. at 646 (Stating that Congress is presumed to draft limitations periods with knowledge of the presumption of equitable tolling, and that the Supreme Court would "not construe a statute to displace courts' traditional equitable authority absent the 'clearest command[.]'") (citations omitted).

The *Putnam* court also noted that excluding tolling from § 523(a)(1)(B)(ii) would create a loophole.

---

[5] *I.e.*, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[6] During argument, Debtor cited *In re Spinks*, 591 B.R. 113 (Bankr. S.D. Ga. 2018) as a case in which the court declined to apply equitable tolling after the Supreme Court's opinion in *Young* and after the BAPCPA amendments to the Code. That case, however, is inapplicable to the facts and issue before this Court. The *Spinks* court was deciding the issue of whether equitable tolling should apply to the 180-day lookback period for a priority wage claim under § 507(a)(4). *Id.* at 124. It declined to apply equitable tolling in part because, unlike the tax-related lookback period discussed in *Young*, the 180-day lookback period in § 507(a)(4) did not require employees to do anything to enforce their rights that they would be prevented from doing during a prior bankruptcy proceeding, so essentially it could not be considered a statute of limitations and there was no justification for applying equitable tolling. *Id.* at 124-25.

A taxpayer is given three basic choices when filing a tax return; he can timely file, file a late return, or never file. If he timely files, any liability from the return is entitled to priority and is nondischargeable if the return was due within the three years preceding a bankruptcy petition. 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i). Whether this three-year period is tolled *666 during the pendency of a bankruptcy proceeding was definitively answered by the Supreme Court in *Young*. *Young*, 535 U.S. at 54, 122 S.Ct. 1036. If a debtor never files a tax return, the tax liability is nondischargeable. 11 U.S.C. § 523(a)(1)(B)(i). Therefore, it would be an anomaly if the middle ground allowed taxpayers to avoid their tax liability by filing an untimely return and then shielding their assets in bankruptcy until the two-year period has expired. Tolling of the two-year period in § 523(a)(1)(B)(ii) would further the principles adopted by Congress under BAPCPA.

*Id.* at 655-66.[7]

The Supreme Court in *Young* expressly disfavored the idea that a debtor should be allowed to manipulate the bankruptcy system by filing one bankruptcy to run out the clock on a tax limitations period and then using another bankruptcy to obtain the tax discharge. *Young*, 535 U.S. at 50-51. The rationale for the *Young* decision as it relates to § 523(a)(1)(B)(i) applies equally to § 523(a)(1)(B)(ii).

---

[7] This Court further notes that it is widely accepted that with BAPCPA, Congress took steps that generally made it more difficult for consumer debtors to obtain a discharge by making Chapter 7 available to fewer debtors and channeling more debtors into Chapter 13 through the "means testing" additions to the Code. Additionally, within Chapter 13, Congress expanded the types of debt that are excluded from discharge. *See* § 8:141. *Nondischargeable debts in Chapter 13*, 2 Bankruptcy Practice Handbook § 8:141 (2d ed.) ("In BAPCPA, Congress abandoned any intention that the scope of the Chapter 13 discharge should be substantially broader than that available under Chapter 7 as an incentive for a debtor to perform a repayment. In addition to what was already removed from the Chapter 13 discharge, all debts that are excepted from discharge under from a Chapter 7 discharge under 11 U.S.C.A. § 523(a)(1)(B) and (C), (2), (3), (4), (5), (8) and (9) are now also excepted from the Chapter 13 discharge. Bankruptcy Code § 523 incorporates by reference Bankruptcy Code § 507(a)(8)(C) to remove from discharge any taxes that the debtor was responsible for collecting or withholding. This closes the gap between the scope of the discharge under Chapters 13 and 7."). It defies logic to think that, as a part of these same amendments that mostly restricted debtors' rights, Congress contrarily intended to deny equitable tolling for § 523(a)(1)(B)(ii), thus severely limiting that exception to discharge and essentially creating a new loophole to benefit debtors in a manner inconsistent with the Supreme Court reasoning in *Young*.

Finally, Debtor argues vehemently and creatively that because equitable tolling is "equitable" relief, the totality of the circumstances should be considered in determining whether it would be equitable to toll the lookback period. Debtor argues for a case-by-case review of the actions of both the debtor and the IRS. If a debtor has acted in good faith and if the IRS perhaps has not, Debtor argues that the lookback period should not be tolled. Debtor contends some actions of the IRS reflect poor conduct or bad faith, such as the way Chapter 13 plan payments were applied to the IRS debt in the earlier case and the pursuit of dischargeable penalties. Accordingly, under Debtor's approach, all actions of the parties throughout the bankruptcies and the collection process should be considered before imposing any equitable remedy.

Debtor misconstrues the equitable focus when a limitations period is tolled. The focus is on whether the applicable claimant has been prevented in some way from acting within the limitations period. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) ("The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'") (citation omitted).

In this case, the automatic stay from Debtor's prior bankruptcy case prevented the IRS from collecting on the tax debt at issue while the bankruptcy was ongoing. Regardless of whether Debtor acted in good faith or bad, so long as the stay was in place, the IRS could not collect. Debtor's argument was rejected by the Supreme Court, which held that tolling was appropriate regardless of debtor's good faith, because during a prior bankruptcy case, "the IRS [is] disabled from protecting its claim." *Young*, 535 U.S. at 50-51. The rationale for tolling in connection with a bankruptcy case relates to the impact of restrictions on claimants created by bankruptcy law itself, not the overall actions of the debtor or claimant in a particular case.

That is not to say that Debtor's equitable arguments are wholly irrelevant. They may have a place in the second stage of trial when the Court determines the

appropriate remedy if it finds any violation of the discharge order that is not subject to defense under § 523(a)(1)(B)(ii). If some of Debtor's assertions about the IRS conduct are proven at the next stage, there could be a variety of ways that the IRS's conduct could be relevant.

For the reasons stated, the Court holds that equitable tolling applies to 11 U.S.C. § 523(a)(1)(B)(ii) such that the two-year lookback period is tolled while the automatic stay is in place in a prior bankruptcy proceeding. As applied to the facts of this case, the Court holds that the taxes related to Debtor's tax returns for tax years 2002 – 2010 are nondischargeable because the returns were filed late and within the tolled two-year lookback period of § 523(a)(1)(B)(ii).

All other issues, including the proper amount of the IRS claim and whether certain amounts were dischargeable for reasons unrelated to the tolling question, are deferred until stage two of the trial of this matter.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.